UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DAVID RAE TREJO,<br><br>Defendant. | Case No. 1:23-cr-00188-AKB-DKG<br><br>**REPORT AND RECOMMENDATION** |

On February 21, 2024, Defendant DAVID RAE TREJO appeared before the undersigned United States Magistrate Judge to enter a change of plea pursuant to a written plea agreement. (Dkt. 33). The Defendant executed a waiver of the right to have the presiding United States District Judge take his change of plea. Thereafter, the Court explained to the Defendant the nature of the charges contained in the Indictment (Dkt. 2), the maximum penalties applicable, his Constitutional rights, the impact that the Sentencing Guidelines will have, and that the District Judge will not be bound by the agreement of the parties as to the penalty to be imposed.

The Court, having conducted the change of plea hearing and having inquired of the Defendant, counsel, and the government, finds there is a factual basis for the Defendant's guilty plea, that he entered it voluntarily and with full knowledge of the consequences, and that the plea should be accepted. The undersigned also ordered a pre-sentence investigation to be conducted and a report prepared by the United States Probation Office.

**REPORT AND RECOMMENDATION - 1**

Because the offense to which Defendant entered his guilty plea is an offense in a case described in subparagraph (C) of subsection (f)(1) of Section 3142 in Title 18 of the United States Code, subjecting Defendant to detention upon a finding of guilt under Section 3143(a)(2), the undersigned considered whether, under Section 3145(c), exceptional reasons were clearly shown as to why Defendant's detention pending imposition of sentencing would not be appropriate.

In this case, the Government filed a motion for detention, but later withdrew its motion during the detention hearing held on September 27, 2023. (Dkt. 16). Defendant was release on conditions. (Dkt. 17). The Government has not offered any information or reason to believe Defendant is at an enhanced risk of flight or danger to the community at this time. Probation reports that Defendant has adjusted well to pretrial supervision, reports as directed, maintains a stable residence, and has positive connections to the community. Defendant is currently enrolled in school in lieu of employment, and is in compliance with all conditions of pretrial release.

Upon consideration of the totality of the circumstances presented in this case, including the conditions of release and the disruption in Defendant's education that would occur with detention pending imposition of sentencing, and upon finding Defendant is exceptionally unlikely to flee or cause a danger to the community if release is continued, the Court recommends release be continued. The Court finds that exceptional reasons have been clearly shown by Defendant that detention pending imposition of sentencing would not be appropriate.

REPORT AND RECOMMENDATION - 2

## RECOMMENDATION

### NOW THEREFORE IT IS HEREBY RECOMMENDED:

1) The District Court accept Defendant DAVID RAE TREJO's plea of guilty to Count Three of the Indictment (Dkt. 2).

2) The District Court order forfeiture consistent with Defendant DAVID RAE TREJO's admission to the Criminal Forfeiture allegation in the Indictment (Dkt. 2) and the Plea Agreement (Dkt. 33).

3) The District Court **GRANT**, at the appropriate time, the United States' motion to dismiss Count One and Two of the Indictment (Dkt. 2) as to Defendant DAVID RAE TREJO.

4) The District Court continue Defendant's release pending sentencing, subject to the standard and additional conditions of release previously imposed in the Order Setting Conditions of Release. (Dkt. 17).

Written objections to this Report and Recommendation must be filed within fourteen (14) days pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(b), or as a result of failing to do so, that party may waive the right to raise factual and/or legal objections to the United States Court of Appeals for the Ninth Circuit.

DATED: February 21, 2024

DEBORA K. GRASHAM
U.S. MAGISTRATE JUDGE

**REPORT AND RECOMMENDATION - 3**